UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,                                Bankr. Case No. 14-51469

                Appellant,                Phillip Shefferly
                                    Chief Bankruptcy Judge

vs.
                                                Case No. 14-13769

DANIEL M. MCDERMOTT,                            Paul D. Borman
UNITED STATES TRUSTEE,                          United States District Judge

                Appellee.
_____/

## OPINION AND ORDER DENYING APPELLANT ROGERS' APPEAL AND AFFIRMING THE DECISIONS OF THE BANKRUPTCY COURT

This is an appeal from a Chapter 7 bankruptcy proceeding, *In re Rogers*, Bankr. No. 14-51469, adjudicated in the United States Bankruptcy Court for the Eastern District of Michigan and heard before Judge Phillip Shefferly. (*See* ECF No. 1, Notice of Appeal, Ex. 1 Chapter 7 Voluntary Petition). On August 15, 2014, Paulleto Rogers timely appealed to this Court as a right from the bankruptcy's dismissal of his bankruptcy action.[1] (ECF No. 1, Notice of Appeal).

A hearing on this matter was held on June 4, 2015. For the following reasons the Court will deny Appellant Paulleto Rogers' appeal and affirm the decisions of the Bankruptcy Court.

## I. BACKGROUND

Appellant Paulleto Rogers ("Rogers") has filed six *pro se* petitions for bankruptcy relief under Chapter 7 between the year 2007 and 2014. (*See* E.D. Mich. Bankr. Case nos. 07-40689,

_____

[1] Rogers twice requested and received adjournments of the scheduling order due to medical issues. (ECF Nos. 4 & 6).

07-52563, 08-50731, 09-50145, 12-57567, and 14-51469).  Three of these cases were dismissed

for failure to file the requisite matrixes or other documents. (*See* Bankr. Case nos. 07-40689

(Doc. No. 19, dismissal for failure to file a matrix); 07-52563 (Doc. No. 16, dismissal for failure

to file a matrix); and 08-50731 (Doc. no. 15, failure to file documents including statement of

financial affairs, statement of income, and credit counseling certificate).[2]

Rogers filed a fourth Chapter 7 Petition on April 1, 2009.  (Bankr. Case no. 09-50145,

Doc. No. 1).  On March 14, 2012, Rogers received a discharge of his debts in that case.  (*See*

Bankr. Case no. 09-50145).  However, shortly after that discharge, Rogers filed a fifth Chapter 7

Petition, case number 12-57567.  (*See* Bankr. Case no. 12-57567, Doc. no. 1).  In the 2012 case,

Chief United States Bankruptcy Judge Shefferly denied Rogers' request for a waiver of fees and

dismissed the action.  (Bankr. Case no. 12-57567, Doc. No. 25, Order).  Judge Shefferly

explained he had advised Rogers during the hearing that he was " not eligible for a Chapter 7

discharge in this case under § 727(a)(8) of the Bankruptcy Code because he received a Chapter 7

discharge in a case that was filed within eight years prior to the filing of the instant case. The

Debtor seemed to understand that." (*Id*. at *1-2).  Judge Shefferly then concluded in his order

that there was "no reason to continue this Chapter 7 case" because the "Debtor [was] not eligible

for a discharge under § 727(a)(8) of the Bankruptcy Code" and the relief he sought was best

addressed in an adversary proceeding in a different case.  (*Id*.).

---

[2] In an effort to avoid confusion, when referencing cases or docket entries in Rogers'
previous bankruptcy cases the Court will reference the case number in addition to the court.
However, when referring to the record is this particular action, the Court will reference the
exhibit number for each docket entry as set forth in the designated record as well as the docket
number assigned by the underlying bankruptcy court.

On July 11, 2014, Rogers filed the present Chapter 7 action which is his sixth petition. (Notice of Appeal, Ex. 1, Doc. No. 1). In this most recent petition, Rogers failed to disclose all of his previous bankruptcy cases. (*See id*., at 2). Rogers also noted in his schedules that he had no real property, no personal property, no income, and had more than $60,000 in debt. (Ex. 12, Doc. No. 16, at 3-6).

On July 18, 2014, approximately one week after filing his Chapter 7 Petition, Rogers filed three related adversary proceedings directed at the Judicial 35th District Court, the City of Canton Police Department, and an individual named Ronald E. Witthoff. (Ex. 15, Doc. No. 19, Adversary Compl. No. 14-04728; Ex. 16, Doc. No. 21, Adversary Compl. No. 14-04729; Ex. 17, Doc. No. 23, Adversary Compl. No. 14-4730). In each of these adversary proceedings (which appear to be identical in substance), Rogers alleged that on May 5, 2014, in the 35th Judicial District Court in a matter concerning Mr. Witthoff and the Canton Police Department, a series of motions including a motion to dismiss and an amended motion to dismiss for failure to state a claim were granted in favor of Mr. Witthoff and the Canton Police Department. (*Id*.). Thereafter (and apparently in response to these decisions) Rogers filed his "emergency Chapter 7 bankruptcy case" and supplied "Notice" of his filing to Mr. Witthoff, the Canton Police Department, and the 35th Judicial District Court. (*Id*.). Rogers then explained that

> Defendant(s) has/have utterly failed to acknowledge, honor the Provisions of the Title 11 362 the protection therein. Defendant(s) Continue to take legal action against me. Whereas, Plaintiff Debtor seeks additional protection; cease and desist, FRBP 7001 720 Injunctive relief .... Order of Contempt. Seeking damages greater than $100,000.00[.]

(Ex. 15, at *2; Ex. 16, at *2; Ex. 17, at *2) (capitalizations in original). Rogers also filed a Motion to Extend Automatic Stay on July 18, 2014. (Ex. 14, Doc. No. 18).

On July 22, 2014, the United States Trustee filed a Motion to Dismiss for Cause and Bar Future Bankruptcy Filings (Ex. 18, Doc. No. 25).  The United States Trustee argued that Rogers was a "serial filer" and was using the bankruptcy process for improper purposes. (Ex. 18, Doc. No. 25, at *3-5).  The United States Trustee also requested that Rogers be barred from filing another Chapter 7 petition until April 2017 pursuant to 11 U.S.C. § 727(a)(8).  (*Id*. at *6).

The United States Trustee also filed a Motion Objecting to Discharge under 11 U.S.C. § 727(a)(8) on July 22, 2014.  (Ex. 19, Doc. No. 26).  In its Motion Objecting to Discharge, the United States Trustee argued that pursuant to 11 U.S.C. § 727(a)(8), Rogers was not entitled to a Chapter 7 discharge in the present action because he had previously been granted a discharge within eight years of the filing date of the underlying petition (*i.e*. in relation to his petition filed on April 1, 2009).  (*Id*. at ¶¶ 4-8).

A hearing was then scheduled for August 4, 2014, on the United States Trustee's motion to dismiss and objection to discharge, and Rogers' motion to extend the automatic stay.  (Ex. 20, Doc. No. 27).  In finding that an expedited hearing was justified, the bankruptcy court noted in its Order that "[a] review of this case and the Debtor's prior bankruptcy cases in this Court raises very serious issues" and observed that "[l]acking any ability to obtain Chapter 7 discharge in this case, it appears that the Debtor may have filed this Chapter 7 case for an improper purpose".  (*Id*. at *1).

4

Prior to the hearing, on August 1, 2014, Rogers filed an application for appointment of

pro bono counsel and a motion to "Set aside Trustee Hearing Pending Leave to Appeal".[3]  (Exs.

21, 22,  Doc. Nos. 28, 29).

Rogers failed to attend the August 4, 2014 hearing.  (8/4/2014 Tr., Ex. 31, Doc. No. 44).

During the hearing, the bankruptcy court first ruled that to the extent that Rogers' August 1,

2014 motions could be construed to request a delay in the scheduled hearing, such a request was

denied because there was nothing in those requests that indicated that the expedited hearing

should not go forward.  (8/4/2014 Tr. at 6-10).  The bankruptcy court also denied Rogers'

motion to extend the automatic stay as moot because "a stay is already in effect".  (*Id*. at 11-12).

The bankruptcy court then went on to address the United States Trustee's objection to

Rogers' discharge.  Specifically, the bankruptcy court found that pursuant to 11 U.S.C. §

727(a)(8), "[t]here's no question factually or legally regarding the United State's Trustee's

motion.  The United States Trustee is correct.  Mr. Rogers is not eligible for a discharge in this

Chapter 7 case" because the present action was filed less than eight years after Rogers' previous

Chapter 7 case in which he obtained a discharge.  (*Id*. at 12).

The bankruptcy court then examined the United States Trustee's Motion to Dismiss and

to Bar later re-filings.  The bankruptcy court noted that Rogers had filed numerous bankruptcy

petitions and was not eligible for discharge in this action, concluding that "[t]here's really no

---

[3] These motions were docketed after the hearing was held, but Judge Shefferly refers to
these motions during the hearing and rules upon them.  (8/4/2014 Tr. at 6-7, 15).  Judge
Shefferly refers to three motions filed by Rogers on August 1, 2014, however, one of the
"motions" appears to be a proposed order granting Rogers' motion to set aside the Trustee
hearing.  Therefore, the Court does not address the third "motion."  (*See* Ex. 22, Doc. No. 29).

purpose either for the debtor or creditors to continue this Chapter 7 case". (*Id*. at 12-13).  The

bankruptcy court acknowledged that Rogers was proceeding pro se, but noted that Rogers had

been previously advised in an earlier case (case no. 12-57567) of the effect of his prior discharge

and "[h]e seemed to comprehend the Court's explanation that that Chapter 7 case was of no

purpose to anyone....At that hearing, I gave him a lengthy explanation, and in light of that

explanation, it's surprising to the Court that Mr. Rogers would file yet another case where he,

again, is not eligible for discharge". (*Id*. at 13-14).  Finally, the bankruptcy court also found it

"troubling" that Rogers' three adversary proceedings appeared blatantly "frivolous". (*Id*. at

14:9-12).  The bankruptcy court then held that while it would normally not impose a filing bar on

a pro se debtor, in the present action "there are just so many compelling circumstances" that a

filing bar on Rogers was proper pursuant to 11 U.S.C. § 105(a).  The bankruptcy court also

declined to grant the United States Trustee's request for a monetary sanction. (*Id*. at 15).

Thereafter, on August 5, 2014, the bankruptcy court issued an "Order determining that

Debtor is not Eligible for a Discharge pursuant to 11 U.S.C. § 727(a)(8)". (Ex. 23, Doc. No. 32).

The same day, the bankruptcy court also separately issued an "Order (1) Dismissing Case and

Barring Future Bankruptcy Filings' and (2) Denying Debtor's Other Motions" (Ex. 24, Doc. No.

33) and a Notice of Dismissal (Ex. 25, Doc. No. 34).  The Order dismissing Rogers' action and

barring future filings provided that Rogers did not have a "legitimate purpose" in filing the

petition and his adversary proceedings appeared to be patently "frivolous". (*Id*. at 1).  The

bankruptcy court further barred Rogers from filing another Chapter 7 action until April 1, 2017

(the day in which he would be entitled to file such a petition under Section 727(a)(8)).[4]

Rogers timely appealed the bankruptcy court's orders on August 15, 2014. On that same day, Rogers also filed suit against Chief United States Bankruptcy Judge Phillip J. Shefferly. (*See Rogers v. Shefferly*, case no. 14-13163 (Rosen, CJ)). That case was dismissed pursuant to 28 U.S.C. § 1915 as being frivolous, failing to state a claim, and seeking relief from a defendant who is immune on November 5, 2014. *(See Id.*, ECF No. 5).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a)(1) a district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. A bankruptcy court's findings of fact "including whether the Debtor acted in bad faith are reviewed for clear error". *Cusano v. Klein*, (*In re Cusano*), 431 B.R. 726 (B.A.P. 6th Cir. 2010). "Clear error occurs only when [we are] left with the definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Mitan v. Duval*, (*In re Mitan*), 573 F.3d 237, 241 (6th Cir. 2009) (quoting *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003)).

A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Wingerter*, 594 F.3d 931, 935-36 (6th Cir. 2010); *In re Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994). Such legal conclusions include whether a bankruptcy court had authority to impose a temporal bar on refiling bankruptcy petitions. *In re Cusano*, 431 B.R. at 730 (citing *Marshall v. McCarty (In re*

---

[4] The Court notes that the August 5, 2014 Order dismissing Rogers' action also barred him from filing a bankruptcy case under *any* chapter for 180 days. (Ex. 24, Doc. No. 33, at 2). However, as the United States Trustee has observed, this temporal bar has already passed and therefore any objection to its imposition is moot. For this reason the Court will not address this filing bar.

*Marshall*), 407 B.R. 359, 362 (B.A.P. 8th Cir. 2009)).  However, once it is established that the

bankruptcy court had the authority to institute such a bar, then the decision to bar a debtor from

subsequent re-filings is reviewed under the abuse of discretion standard.  *Id*.  Additionally, "[a]

bankruptcy court's decision to dismiss an action pursuant to 11 U.S.C. § 707(a) will be reversed

only for abuse of discretion."  *Indus. Ins. Servs., Inc. v. Zick*, (*In re Zick*), 931 F.2d 1124, 1126

(6th Cir. 1991) (citing *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988)).  "An

abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of

fact or when it improperly applies the law or uses an erroneous legal standard."  *In re Cusano*,

431 B.R. at 730 (quoting *In re Gasel Transp. Lines, Inc*., 326 B.R. 683, 685 (B.A. P. 6th Cir.

2005)).

## III. ANALYSIS

Rogers appears to designate five issues for appeal.  Specifically, Rogers argues that the

bankruptcy court erred in granting the United States Trustee's Motion to Dismiss and Bar

Refiling and the Motion Objecting to Discharge under 11 U.S.C. § 727(a)(8).  Rogers also

appears to argue that the bankruptcy court erred in denying (1) his motion to extend the

automatic stay, (2) his application for pro bono counsel, and (3) his motion to set aside the

hearing pending leave to appeal.  (Notice of Appeal, at 2).  The Court addresses each issue

below.

A.       Order Determining that Debtor is not Eligible for a Discharge

Rogers appeals from the bankruptcy court's order determining that he was not eligible for

discharge pursuant to 11 U.S.C. § 727(a)(8).  The Court must review this decision de novo as it

is a conclusion of law.  *In re Wingerter*, 594 F.3d at 935-36.

Section 727 provides that a court "shall grant the debtor a discharge" unless the "debtor has been granted a discharge under this section ... in a case commenced within 8 years before the date of the filing of the petition". 11 U.S.C. § 727(a)(8). In the present action, it is undisputed that Rogers received a discharge in a previous Chapter 7 action filed on April 1, 2009. (*See* Bankr. Case no. 09-50145). Therefore, under the clear and unambiguous meaning of § 727(a)(8), the current action was barred because it was filed less than eight years after that discharge.

Given the undisputed facts, the Court affirms the bankruptcy court's order determining that Rogers was not eligible for a discharge pursuant to 11 U.S.C. § 727(a)(8).

B.      Dismissal of Action for Cause

The bankruptcy judge also granted the United States Trustee's Motion to Dismiss for cause pursuant to 11 U.S.C. § 707(a). (*See* Ex. 24, Doc. No. 33, Order). As set forth previously, a court reviews a dismissal pursuant to § 707(a) for abuse of discretion. It is an abuse of discretion when a bankruptcy court relies upon "clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Cusano*, 431 B.R. at 730 (quoting *In re Gasel Transp. Lines, Inc.*, 326 B.R. at 685).

Pursuant to § 707(a), a court may dismiss a case "only after notice and a hearing and only for cause" including: "unreasonable delay by the debtor that is prejudicial to creditors", "nonpayment of any fees or charges", and "failure of the debtor in a voluntary case to file" certain information. 11 U.S.C. § 707(a). The Sixth Circuit has found that this list of "just causes" is not an exhaustive list, and has also held that "there is good authority for the principle that lack of good faith is a valid basis of decision in a 'for cause' dismissal by a bankruptcy

court." *In re Zick*, 931 F.2d at 1127 (finding lack of good faith a basis for dismissal pursuant to § 707(a) in the context of a Chapter 7 petition); *see also Alt v. United States (In re Alt)*, 305, F.3d 413, 418-19 (6th Cir. 2002) (holding a bankruptcy court may dismiss a chapter 13 petition that was not filed in good faith).

In *In re Zick*, the Sixth Circuit indicated that it found particular merit in the "smell test" for determining a lack of good faith because "[t]he facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases." *In re Zick*, 931 F.2d at 1127 (citation omitted). The Court also notes that many other courts have dismissed bankruptcy actions for cause because the debtors are "serial filers" who file many cases over a short period of time and have no legitimate purpose for their petitions. *See In re Lee*, 467 B.R. 906 (B.A.P. 6th Cir. 2012) (affirming a dismissal of a chapter 11 petition for cause where the debtor had filed 3 petitions over 18 months and finding "[s]erial filings of chapter 11 petition can also evidence a lack of good faith justifying dismissal if the filings are abusive."); *In re Cusano*, 431 B.R. at 735-36 (upholding a dismissal of a chapter 13 petition for cause based on the debtor's filing of three petitions in three years and noting that "a history of multiple filings and dismissals may be construed as bad faith".); *see also In re Marshall*, 407 B.R. at 363 (B.A.P. 8th Cir. 2009) (affirming dismissal of a chapter 13 serial filer).

In the present case, there is no dispute that there was a hearing, and that Rogers was notified of the hearing. (*See* ex. 20 Doc. No. 27, Order Scheduling Hearing). In fact, while Rogers did not attend the hearing he did file two motions with the bankruptcy court prior to the hearing, including one which referenced the scheduled hearing and requested the bankruptcy court "set aside the Trustee hearing". (*See* 8/4/2014 Tr.).

Rogers appears to dispute whether there was "just cause" to support the dismissal.  The bankruptcy court provided in its Order granting a dismissal that Rogers "did not have a legitimate purpose in filing this case and that this case was filed in bad faith."  (Ex. 24, Doc. No. 33, at 1).  In coming to this conclusion the bankruptcy court noted that Rogers was not eligible for discharge, did not list any assets on his schedules that could be administered in the case, and all three of the adversary proceedings filed were frivolous on their face.  (*Id*.).  Rogers now argues that he did not file the current Chapter 7 Petition in bad faith but was attempting to find relief from "third party collections" "creditor tactics" and "creditor(s) intentional duress".  (ECF No. 8, at 12).  Rogers also claims that he filed his petition "without any expectations of receiving another 727 hardship discharge under chapter" but was only "in very good faith seeking a 90 day stay".  (*Id*.).

While the Court is cognizant of Rogers' medical problems, Rogers' attempt to argue that he filed his petition in good faith must be rejected.  In *In re Mehlhose*, a bankruptcy court reasoned that where the debtors had no hope of discharge:

> [i]t made no sense for Debtors to have filed this case under Chapter 7, *unless* they did so only to hinder and delay the Trust and possibly other creditors, by temporarily obtaining the benefit of the automatic stay under 11 U.S.C. § 362(a). That, of course, would be an improper purpose, and would constitute a bad faith filing and an abuse of the bankruptcy system.

469 B.R. 694, 700-01 (Bkrtcy. E.D. Mich. 2012) (emphasis in original)).  Here, just as in *In re Mehlhose,* Rogers had no legitimate reason to believe that he would receive a discharge.  Indeed, Rogers *admits* he had no expectation of discharge and he was merely seeking temporary relief from his debtors.  This is an improper purpose and an abuse of the bankruptcy system.  Further, it is uncontested that Rogers has filed six Chapter 7 petitions over a span of eight years.

Significantly, this petition comes after he was advised by Bankruptcy Judge Shefferly (in his fifth petition and his first that post-dated his 2009 discharge) that he could not receive another discharge until April 2017.  (*See* 8/4/2014 Tr. at 13-14).

The Court concludes that there is ample evidence in the record that is undisputed (or acknowledged) by Rogers to support a dismissal under § 707(a) for bad faith and improper purpose.  Therefore, the bankruptcy findings are clearly supported by the record and are not clearly erroneous.  Accordingly, the bankruptcy court did not abuse its discretion in granting the dismissal and finding that Rogers' petition was filed in bad faith.

C.     Bar on Re-filing

The order dismissing Rogers' Chapter 7 action also barred him "from filing a bankruptcy petition under Chapter 7 pursuant to Section 105(a) of the Bankruptcy Code" until April 1, 2017. (Ex. 24, Doc. No. 33 at 1).  The bankruptcy court provided that "[t]he reason for such date is because that date is 8 years after the Debtor filed Chapter 7 case no. 09-50145 in which he obtained a discharge.  Under Section 727(a)(8) of the Bankruptcy Code, the Debtor is not eligible for a Chapter 7 discharge in any case filed before such a date."  (*Id*. at 1-2).

Pursuant to 11 U.S.C. § 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title".  In *In Re Cusano*, the Bankruptcy Appellate Panel explained that "[w]here there is sufficient cause, bankruptcy courts have the authority pursuant to 11 U.S.C. §§ 105(a) and 349(a)[5] to prohibit

---

[5] Section 349(a) provides that: "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of the case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."

bankruptcy filings in excess of 180 days." *In re Cusano*, 431 B.R. at 737 (finding that there was

sufficient cause to support a two year bar to refile and determining that "section 109(g) is not ...

a limitation on the bankruptcy court's authority to impose sanctions fashioned to prevent abuse

of the bankruptcy system".); *In re Pertuset*, 485 B.R. 478, *18 (B.A.P. 6th Cir. 2012) (Table)

("Taken together §§ 109(g)[6] and 349(a) grant a bankruptcy court the authority to prohibit

bankruptcy filings for 180 days or longer when sufficient cause exists for doing so."); *Dietrich v.*

*Nob-Hill Stadium Props.*, No. 05-2255, 2007 WL 579547, *4-5 (6th Cir. Feb. 15, 2007) ("We

conclude that the plain language of section 349(a) appears to allow a bankruptcy court to dismiss

a bankruptcy petition with prejudice, permanently, if there is sufficient cause.).

It is unclear if Rogers is disputing whether the bankruptcy court had the authority to bar

him from refiling any Chapter 7 actions until April 1, 2017 or merely arguing that the bankruptcy

court's conclusion was an abuse of discretion. Regardless, the Court finds that the bankruptcy

court did have the proper authority to institute such a ban pursuant to both §§ 105(a) and 349(a)

of the Bankruptcy Code. *See In re Cusano*, 431 B.R. at 737; *In re Melhose*, 469 B.R. at 711-12

(collecting cases).

Therefore, the issue becomes whether it was an abuse of discretion for the bankruptcy

court to bar Rogers from refiling a Chapter 7 petition until April 1, 2017 (a ban of more than two

---

[6] Section 109(g) provides that no individual may be a debtor "under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." *See In re Pertuset*, 485 B.R. at *18 ("Section 109(g) represents Congress's response to the problem created by those debtors who make sequential filings to abuse the Code and creditors.") (citation omitted).

years). *In re Cusano*, 431 B.R. at 730 (explaining that the decision to bar a debtor from refiling

is examined under the abuse of discretion standard). For all the reasons examined *supra*, the

Court finds that the bankruptcy court did not rely upon clearly erroneous findings of fact in

determining that Rogers should be barred from refiling for more than two years. Indeed, the

bankruptcy court found that Rogers was a serial filer, who had filed his Chapter 7 petition

despite being aware that he had no hope of discharge, had failed to attend the hearing regarding

these issues, had been previously warned that he was unable to receive a discharge, and had filed

frivolous adversary actions. Moreover, the bankruptcy court made clear that Rogers was only

barred from filing Chapter 7 petitions (as opposed to petitions under other chapters) and the bar

logically and reasonably reflects the period of time that Rogers is statutorily barred from

receiving a discharge under Chapter 7. *See* 11 U.S.C. § 727(a)(8).

Given all these facts, the Court finds that the bankruptcy court did not abuse its discretion

in barring Rogers from refiling a Chapter 7 petition until April 1, 2017 because there was

sufficient cause to support such a decision in the record.

D.      Rogers' Motions before the Bankruptcy Court

Rogers also appears to argue that the bankruptcy court erred in denying his Motion to

Extend the Automatic Stay (Ex. 14, Doc. No. 18), his motion to appoint pro bono counsel (Ex.

21, Doc. No. 28), and his motion to "Set Aside Trustee Hearing Pending Leave to Appeal" (Ex.

22, Doc. No. 29). (Notice of Appeal, at 2).

As to Rogers' Motion to extend the automatic stay, as explained by the bankruptcy court

during the August 4, 2014 hearing, such a request is moot in these circumstances. (8/4/2014 Tr.

at 10-12). Indeed, at the time Rogers requested the automatic stay, he was already subject to the

automatic stay. (*Id*.). Rogers has failed to make any argument to the contrary. Therefore, the Court finds no error in the bankruptcy court's conclusion that Rogers' request was moot.

Next, as to Rogers' motion to set aside the Trustee hearing pending leave to appeal, the bankruptcy court denied the motion on two alternate grounds. First to the extent the motion could be construed as an adjournment of the scheduled hearing, the bankruptcy court held "it fail[ed] to provide good cause". (Ex. 25, Doc. No. 33). Then, to the extent the motion could be construed as a response to the United States Trustee's motion to dismiss, the bankruptcy court found that "it fail[ed] to set forth any legal or factual basis to deny the motion". (*Id*.). Again, Rogers failed to make any clear argument in his briefing or during oral argument regarding the bankruptcy court's denial of this motion. Rogers also does not clarify the relief he was seeking by filing the motion with the bankruptcy court. Given these facts, the Court finds that the bankruptcy court committed no error in denying Rogers' motion to set aside where he provided no reason to delay the scheduled hearing (or specifically request that the hearing be delayed).

Additionally, the Court finds that the bankruptcy court's consideration of the motion to set aside as a response to the United States Trustee's motions to dismiss or object to discharge was a generous interpretation of the motion. Indeed, the motion, on its face, appears to be an attempt to appeal the result of the August 4, 2014 hearing, which as of the date Rogers filed his motion, August 1, 2014, had not yet occurred. While Rogers asserts in this appeal that he was unable to attend the August 4, 2014 hearing due to "weakness", Rogers failed to notify the bankruptcy court that he would be unable to attend and did not cite this reason in his motion to set aside. Rather, Rogers' motion to set aside makes no reference to his possible absence from the pending hearing, but merely serves as a tacit acknowledgment in the record of his knowledge

that such a hearing was set to occur.  (*See* 8/4/2014 Tr. 15:22-23, Bankruptcy Court noting that

"Mr. Rogers obviously knows about the hearing based upon the there papers that he filed.").

In summary, the Court finds that where Rogers has offered no argument or explanation

regarding his motion to set aside the Trustee hearing pending appeal, and where it is clear from

the record that Rogers did not give any good cause or reason to delay the hearing but merely

sought to appeal an order that had not issued, the bankruptcy court committed no error in

denying the same.

Rogers also failed to articulate any argument regarding how or why the bankruptcy

court's denial of his motion for pro bono counsel was in error.  The bankruptcy court held that

Rogers' application for pro bono counsel was denied "because no purpose is served by

appointing pro bono counsel where the Debtor is indisputably not entitled to a discharge and the

Debtor's bankruptcy case was filed without any legitimate purpose but was instead filed in bad

faith."  (Ex. 18, Doc. No. 25, at 2).  As the Court finds that the bankruptcy court committed no

clear error in determining that Rogers' filed his Chapter 7 petition in bad faith (discussed *supra*),

the Court similarly finds that the bankruptcy court committed no clear error in determining that

Rogers' request for pro bono counsel served no purpose.  It is also abundantly clear that pursuant

to 11 U.S.C. § 727(a)(8) (also discussed *supra*), Rogers is not entitled to a Chapter 7 discharge

until April, 2017.  Therefore, where Rogers is not entitled to relief under Chapter 7 and where

there was ample evidence in the record to support the bankruptcy court's finding that he filed in

bad faith; the bankruptcy court's denial of Rogers' application for pro bono counsel is without

error and is affirmed.

## IV. CONCLUSION

For all these reasons, the Court DENIES Appellant Rogers' appeal and AFFIRMS the

decisions of the bankruptcy court.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 18, 2015.


s/Deborah Tofil
Case Manager